UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEITH SCRUGGS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No: 1:15-cv-893-TWP-MJD |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Selected Matters**

**I.**

The clerk shall **terminate** the representation of Attorney Comstock as counsel for the petitioner.

The clerk shall also **note the petitioner's address** as shown in the distribution portion of this Entry.

**II.**

Mr. Scruggs has filed a pleading titled Motion to Show Cause Objection to Respondent's Notice of Report and Recommendation (Dkt. 23). In the pleading, Mr. Scruggs objects to what he refers to as the Report and Recommendation. There was no such document issued in this case, nor was there any referral of a dispositive matter to the Magistrate Judge.

Looking beyond its title, and based on its timing relative to the entry of final judgment and its content, Scruggs' objection is treated as a motion to alter or amend judgment. Based on its timing, the plaintiff's Motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by

Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend a judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).

There was no manifest error of law or fact in this case. The court did not misapprehend the petitioner's claim, nor did it misapply the law to that claim in finding that the habeas petition was filed long after the expiration of the statute of limitations. Accordingly, the motion to alter or amend judgment (Dkt 23) is **DENIED**.

## III.

Mr. Scruggs has also filed a Motion for Certificate of Appealability (Dkt. 26).

Mr. Scruggs was convicted in 1999 of two counts of murder and one count of carrying a handgun without a license. He sought a writ of habeas corpus in this court. As noted above, his habeas petition was denied based on it having been filed long after the expiration of the statute of limitations. Mr. Scruggs has filed a notice of appeal, which has been processed, and he has filed a renewed motion for a certificate of appealability.

In ruling on the habeas petition, the Court also denied a certificate of appealability based on its finding that Scruggs failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Scruggs

has failed to make a showing that reasonable jurists could disagree as to the conclusion that the habeas petition was not timely filed. His renewed motion for issuance of a certificate of appealability (Dkt 26) is therefore **DENIED** for the reasons explained on page 4 of the Entry filed on January 4, 2016. (*See* Dkt. 20).

    IT IS SO ORDERED.

Date: 1/29/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Keith Scruggs
DOC # 994428
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064